IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMA LEE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-789-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Plaintiff Emma Mitchell seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse the SSA's decision and remand for further proceedings.

I.      BACKGROUND

Ms. Mitchell requested insurance benefits based on an alleged disability, and the SSA denied the relief initially and on reconsideration. Administrative Record at pp. 27-28 (certified Aug. 23, 2007) ("Rec."). A hearing took place,[1] and an administrative law judge found that Ms. Mitchell was not disabled.[2] The Appeals Council declined jurisdiction,[3] and

---

[1]    *See* Rec. at pp. 279-306.

[2]    Rec. at pp. 13-21.

[3]    Rec. at pp. 5-7.

the present action followed with a claim involving error in the consideration of a treating physician's opinion.[4]

## II. STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This determination is possible only when the SSA's findings are sufficient for meaningful judicial review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without findings "supported by specific weighing of the evidence," the court could not "assess whether relevant evidence adequately support[ed]" the administrative law judge's ultimate conclusion).

## III. THE ADMINISTRATIVE LAW JUDGE'S EVALUATION OF DR. ROBISON'S OPINIONS

As alleged by Ms. Mitchell, the administrative law judge erred in the evaluation of Dr. Mel Robison's opinions.

### A. Evaluation of a Treating Physician's Opinions

An administrative law judge must follow a specific process when she assesses a treating source's opinion. First, the judge must determine whether the opinion qualifies for controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per*

---

[4] Ms. Mitchell also alleges error in the credibility analysis, but the Court need not address this allegation in light of the suggested reversal on other grounds. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

*curiam*). This evaluation entails a determination of whether the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the judge can decline to give controlling weight to the opinion. *See id.* At that point, the administrative law judge must weigh the opinion based on multiple factors. *See id.* These factors include:

- the length of the treatment and the frequency of examination,

- the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed,

- the degree to which the physician's opinion is supported by relevant evidence,

- the consistency between the opinion and the record as a whole,

- the possible specialization in the area upon which an opinion is rendered, and

- the existence of other factors brought to the administrative law judge's attention which tend to support or contradict the opinion.

*See id.* If the judge rejects the opinion completely, she must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

B.  The Administrative Law Judge's Assessment of Dr. Robison's Opinions

Dr. Robison has treated the Plaintiff since September 2004. *See* Rec. at pp. 162-70, 203-204, 270-73. In September 2006, the doctor completed a medical source statement, which stated in part that:

- Ms. Mitchell could not complete a normal work week without marked interruptions from pain, fatigue, or physically based symptoms impairing her ability to perform at a consistent pace without an unreasonable number and length of rest periods and

- she required more than the typical 15-minute break in the morning and afternoon and a 30-minute to one hour lunch break.

*Id.* at pp. 203-204.

The administrative law judge acknowledged the opinions, but ultimately rejected them for five reasons:

- The issue of residual functional capacity ("RFC") was reserved to the Commissioner and not entitled to controlling weight or special significance,

- the restrictions were not supported by laboratory findings or testing,

- the opinions were not consistent with other evidence,

- one of the opinions was inconsistent with the Plaintiff's testimony that she had not taken prescription medications, and

- Ms. Mitchell had not undergone surgery.

*Id.* at pp. 19-20.  These rationales are not supportable under the record.

<u>Reservation of the RFC Assessment to the Administrative Law Judge</u>

In part, the administrative law judge appeared to discount Dr. Robison's medical source statement as an assessment of "RFC." *Id.* at pp. 19-20; *see supra* p. 4.  If the judge was intending to do so, she would have been in error.

Social Security Ruling 96-5p states:

Even though the adjudicator's RFC assessment may adopt the opinions in a medical source statement, they are not the same thing: A medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s).

Social Security Ruling 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, Westlaw op. at 4 (July 2, 1996).

The administrative law judge pointed out that the issue of RFC is reserved to the Commissioner and is never entitled to controlling weight or special significance. Rec. at p. 20, *see* Social Security Ruling 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, Westlaw op. at 2 (July 2, 1996). However, a medical source statement is distinct from the adjudicator's RFC determination. *See supra* pp. 4-5 (explaining the differences between a physician's medical source statement and the adjudicator's RFC determination). In light of the difference, the SSA expressly requires application of the "treating source" rules for medical source statements notwithstanding the similarity with the adjudicator's RFC determination.[5] Thus, if the administrative law judge was intending to discount the opinions as an RFC determination, she would have been in error.

---

[5] *See* Social Security Ruling 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, Westlaw op. at 5 (July 2, 1996) ("Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 . . ., providing appropriate explanations for accepting or rejecting such opinions."); *see also* 20 C.F.R. § 404.1527(d)(2) (stating the requirements for consideration of opinions by treating sources).

The Administrative Law Judge's Weighing of Dr. Robison's Opinions

The administrative law judge stated that she would not give Dr. Robison's opinions great weight due to lack of supporting laboratory findings or tests. Rec. at p. 19; *see supra* p. 4; *infra* p. 10. The Court may assume *arguendo* that the judge was correct in stating that the opinions were unsupported by laboratory findings or tests.[6] Even so, the absence of supporting laboratory data would only have allowed the administrative law judge to decline controlling weight to Dr. Robison's opinions. *See supra* pp. 2-3. The judge would still have had to balance the appropriate factors and decide the weight to accord the opinions. *See supra* p. 3. The judge generically discussed some of the factors, but the discussion was insufficient as a matter of law.

First, the judge found that the opinion was inconsistent with other medical evidence. Rec. at pp. 19-20; *see supra* p. 4. But the judge failed to identify the alleged inconsistencies. As a result, the federal district court cannot conduct a meaningful assessment of the administrative law judge's rationale.[7]

Second, the judge stated that Dr. Robison's opinions were inconsistent with the Plaintiff's testimony that she had not taken prescription medications. Rec. at p. 19; *see supra* p. 4. The judge's statement is again unsupportable when the record is viewed as a whole.

---

[6]   *See infra* note 12.

[7]   *See Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) ("Because the [administrative law judge] failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings.").

At the hearing, Ms. Mitchell was asked about her treatment for a severe headache. Rec. at p. 295. In response, the Plaintiff stated that she had taken Tylenol, aspirin, and ibuprofen. *Id.* But Ms. Mitchell was never asked whether she had taken any prescription medications for back pain. Even without such questioning, the Plaintiff testified that she had taken "pain pills" and that Dr. Robison had given her samples of medication. *Id.* at pp. 291, 293.

The use of prescription medication for pain is also reflected in the forms that Ms. Mitchell had submitted to the SSA. There she stated that she was taking Lortab every day for pain in October 2004, September 2006, and October 2006. Rec. at pp. 73, 110-11. Ms. Mitchell also stated in October 2006 that she was taking Neurontin every day for pain. *Id.* at p. 111.

Only one month later, however, the administrative law judge stated without explanation that Ms. Mitchell was "basically" taking "over the counter medications instead of prescription medication." *Id.* at p. 19. The administrative law judge's statement reflects apparent misunderstanding of Ms. Mitchell's testimony and disregard of her written references to daily use of Lortab and Neurontin for pain relief.

Finally, the judge rejected Dr. Robison's opinion because Ms. Mitchell had not undergone surgery for her pain. *Id.* at p. 19; *see supra* p. 4. This rationale was also insufficient as a matter of law.

Before the administrative law judge could consider the lack of surgery, she had a legal obligation to consider possible explanations supported by the evidence. The SSA explained:

> [T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain . . . failure to seek medical treatment.[8]

The SSA illustrated this principle with an individual unable to afford treatment and lacking access to free or inexpensive medical services.[9]

Ms. Mitchell testified that she had no money to pay for surgery, had no insurance, and had to use proceeds out of a settlement to repay lenders. Rec. at pp. 288, 290-92. The administrative law judge acknowledged the testimony, but did not say how Ms. Mitchell could obtain surgery in the face of this evidence. *See id.* at pp. 13-21. The absence of such discussion constituted error in light of the administrative law judge's reliance on the failure to obtain an operation.[10]

---

[8]  Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 7 (July 2, 1996).

[9]  Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 8 (July 2, 1996).

[10]  *See Miranda v. Barnhart*, 205 Fed. Appx. 638, 642 (10th Cir. Aug. 11, 2005) (unpublished op.) (alternative holding) (holding that the administrative law judge had erred in discounting the claimant's credibility based on the failure to obtain mental health therapy in light of his testimony that he could not afford treatment).

The Commissioner presents three arguments in defense of the administrative law judge's analysis. All of the arguments are invalid.

First, the Commissioner states that the judge relied on the absence of ongoing treatment by Dr. Robison when he had expressed his conclusions. Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff at p. 4 (Mar. 12, 2008). This statement is not accurate. The judge stated: "Medical records show that Dr. Robison treated the claimant mainly in 2004 and that these restrictions are not supported by laboratory findings, or testing and are not supported by the medical record as a whole." Rec. at p. 19. This statement cannot reasonably be read as a rejection of Dr. Robison's opinion based on the absence of ongoing treatment in 2006.[11]

Second, the Defendant relies on an inconsistency between medical evidence and Dr. Robison's opinion. Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff at p. 6 (Mar. 12, 2008). This reliance is misguided.

A nerve conduction study reflected "mild left S1 radiculopathy." Rec. at p. 167. According to the Defendant, the mildness of the radiculopathy tended to support the administrative law judge's conclusion. Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff at p. 6 (Mar. 12, 2008). The Court need

---

[11] Dr. Robison had examined Ms. Mitchell only seventeen days before the completion of the medical source statement. *See* Rec. at pp. 203, 271-A.

not make this medical determination[12] because the administrative law judge had not expressed reliance on the mildness of the radiculopathy. Instead, the judge stated that the restrictions were "not supported by laboratory findings, or testing." Rec. at p. 19; *see id.* (stating that Dr. Robison's opinion was "unsupported by laboratory findings"); *see also supra* pp. 4, 6. When the judge stated that Dr. Robison's opinions were unsupported by the laboratory data, she may have been relying on the mildness of the radiculopathy findings or she may have been overlooking the nerve conduction studies. The Court cannot guess which had taken place. *See Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) (*per curiam*).[13]

Third, the Defendant refers to several possible rationales, such as the Plaintiff's failure to use her worker's compensation settlement money for surgery, opinions from other doctors that the Plaintiff did not need surgery, opinions from state agency physicians that the Plaintiff could perform medium work with occasional stooping, and the Plaintiff's daily activities.

---

[12]   *Compare Wilson v. Barnhart*, 82 Fed. Appx. 204, 208 (10th Cir. Dec. 5, 2003) (unpublished op.) (upholding an administrative law judge's rejection of a treating doctor's opinions, which included the need for breaks and rest in part because his medical records had reflected "only a mild radiculopathy in [the claimant's] cervical spine"), *with Hamlin v. Barnhart*, 365 F.3d 1208, 1218-19 (10th Cir. 2004) (criticizing the administrative law judge's reliance on a purported inconsistency between a physician's opinions and his treatment records in part because the doctor had documented "C7 radiculopathy").

[13]   In *Baker v. Bowen*, the administrative law judge relied in part on the absence of x-rays "'or laboratory data to support a diagnosis of arthritis . . . .'" *Baker v. Bowen*, 886 F.2d at 290. The defendant argued that one could reasonably infer that the administrative law judge had "'meant that there was no x-ray evidence to support a claim for disabling arthritis, rather than there was no x-ray at all.'" *Id.* at 291 (citation omitted). The Tenth Circuit Court of Appeals rejected this inference, stating: "We may not engage in such speculation." *Id.*

Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff at pp. 4-8 (Mar. 12, 2008).  These rationales are invalid because:

- the administrative law judge did not refer to them[14] and

- the Court has no way of knowing if the administrative law judge would have reached the same credibility assessment without the other errors discussed above.[15]

The administrative law judge appeared to give five reasons for rejection of Dr. Robison's opinions, and none was supportable under the record.  The Court should reverse and remand in light of the error.

IV.     NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is May 12, 2008.  *See* W.D. Okla. LCvR 72.1.  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[14]     *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)).

[15]     *See Pennington v. Chater*, 113 F.3d 1246, 1997 WL 297684, Westlaw op. at 5 (10th Cir. June 5, 1997) (unpublished op.) (reversing in light of errors in the credibility assessment even though part of the rationale was valid).

V.  STATUS OF THE REFERRAL

The referral is terminated.

Entered this 21st day of April, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge